IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES R. SINES,  )<br>  )<br>   Plaintiff,  )<br>  )<br>v.  )<br>  )<br>JO ANNE B. BARNHART, Commissioner  )<br>of Social Security,  )<br>  )<br>   Defendant.  ) | CIVIL ACTION NO. 2:03cv1264-SRW<br>(WO) |

**MEMORANDUM OF OPINION**

James R. Sines brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income under the Social Security Act. The parties have consented to entry of final judgment by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Upon review of the record and briefs submitted by the parties, the court concludes that the decision of the Commissioner is due to be reversed.

**BACKGROUND**

On July 31, 1999, plaintiff filed an application for Supplemental Security Income (SSI). On January 2, 2001, after the claim was denied at the initial administrative levels, an ALJ conducted an administrative hearing. The ALJ rendered a decision on May 19, 2001, in which he found that plaintiff has the severe impairments of major depressive disorder and insulin dependent diabetes mellitus with diabetic neuropathy, but that he retains the capacity for work that exists in significant numbers in the national economy and is not under a

disability as defined in the Social Security Act. On October 31, 2003, the Appeals Council denied plaintiff's request for review and, accordingly, the decision of the ALJ became the final decision of the Commissioner.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The court does not reweigh the evidence or substitute its judgment for that of the Commissioner. Rather, the court examines the administrative decision and scrutinizes the record as a whole to determine whether substantial evidence supports the ALJ's factual findings. Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence consists of such "relevant evidence as a reasonable person would accept as adequate to support a conclusion." Cornelius, 936 F.2d at 1145. Factual findings that are supported by substantial evidence must be upheld by the court. The ALJ's legal conclusions, however, are reviewed *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. Davis, 985 F.2d at 531. If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. Cornelius, 936 F.2d at 1145-46.

## DISCUSSION

The plaintiff challenges the Commissioner's decision, arguing that the ALJ failed to: (1) properly consider plaintiff's reasons for noncompliance with medication; (2) properly evaluate plaintiff's complaints of pain; and (3) adequately consider plaintiff's depression and

its effect on plaintiff's ability to work.  Because the court concludes that the ALJ erred in analyzing plaintiff's functional limitations as required by 20 C.F.R. §404.1520a, it reaches only the last of these issues.[1]

The ALJ found that plaintiff suffers from major depressive disorder.  (R. 22, 27). Plaintiff argues that the ALJ "failed to adequately consider Plaintiff's depression and its effect on his ability to work," and that the ALJ "should have completed a Psychiatric Review Technique [PRTF] form to indicate a proper consideration of the effect of Plaintiff's reported depression on his ability to work." (Plaintiff's brief, p. 6).  The Commissioner responds that the ALJ's evaluation of plaintiff's depression does not warrant reversal because: (1) "the ALJ articulated numerous inconsistencies to support his decision to discount Plaintiff's subjective complaints of . . . depression;" (2) plaintiff had declined to seek mental health treatment; (3) Dr. Kirkland "opined that Plaintiff's main problems were physical, not mental," and "did not identify any significant limitations from Plaintiff's mental impairments." (Defendant's brief, pp. 8-9).  The Commissioner further argues, citing 20 C.F.R. § 416.920a(e), that "[i]n any case, there is no requirement that an ALJ complete a PRTF, so long as the proper analysis is adequately reflected in the decision." (Id., p. 9).

On April 7, 2000, Dr. Kenneth Warren – a state agency consultant – completed a

---

[1] The court here makes no determination as to the merits of plaintiff's additional arguments and expresses no opinion regarding whether the medical evidence supports plaintiff's allegation of disability.  However, the court anticipates that, on remand, the Commissioner will consider all of the arguments raised by plaintiff before this court.

PRTF in which he noted his conclusion that plaintiff suffered from "moderate" restriction of activities of daily living and "moderate" difficulties in maintaining social function, that he "often" experienced deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner, and that he had "once or twice" experienced an episode of deterioration or decompensation in work or work-like setting. (Exhibit 10F, R. 237). The ALJ did not adopt the findings in this PRTF and instead noted that he gave "little weight" to Dr. Warren's opinion regarding plaintiff's mental residual functional capacity because Warren was a non-treating, non-examining medical source.[2] (R. 21, 23).

The ALJ gave "significant weight" to the opinion of Dr. Kirkland, a consultative examiner. (R. 23). With regard to plaintiff's mental limitations, the ALJ states:

> On February 23, 2000, Karl Kirkland, Ph.D. completed a psychological evaluation of the claimant and opined the claimant showed no evidence of a thought disorder and the thought process was coherent and goal directed. He also opined that physical problems were the main barrier to gainful employment, not emotional problems. Dr. Kirkland diagnosed the claimant with major depressive disorder. (Exhibit 8F).
>
> * * * * *
>
> Regarding the claimant's mental and emotion [sic] status, I give significant weight to the opinion of Dr. Kirkland (Exhibit 8F). Dr. Kirkland personally examined and evaluated the claimant and his conclusions are consistent with the evidence of record. There is no evidence of a disabling mental impairment, individually or in combination with other disorders.

(R, 21, 23). Dr. Kirkland did not complete a PRTF. (R. 219-221). The ALJ determined that

---

[2] The ALJ also summarized Dr. Warren's mental residual functional capacity assessment (Exhibit 11F). See R. 21.

4

plaintiff was limited to work that "is low stress with no fast paced assembly line duties, performable with moderate limitations in the basic mental work activities." (R. 26).

The Eleventh Circuit has summarized the ALJ's responsibility as follows:

> [Social Security] regulations require the ALJ to use the "special technique" dictated by the PRTF [Psychiatric Review Technique Form] for evaluating mental impairments. 20 C.F.R. § 404.1520a-(c)(3-4).[3] This technique requires separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 404.1520a-(e)(2).
>
> \* \* \*
>
> [W]here a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, or incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand.

Moore v. Barnhart, 405 F.3d 1208 (11th Cir. 2005). In Moore, the Eleventh Circuit reversed the judgment of the district court affirming the Commissioner's decision because of the ALJ's failure either to complete a PRTF or to incorporate its mode of analysis into his findings and conclusions, despite the Court's conclusion that the ALJ's credibility determination was adequate and that the ALJ's finding that Moore retained the residual functional capacity to perform her past relevant work was supported by substantial evidence. See id. at 1212, 1213.

The ALJ's decision does not demonstrate that he completed the detailed analysis required by 20 C.F.R. § 416.920a as to each of the four identified functional areas. See

---

[3] The comparable provision in SSI cases is 20 C.F.R. § 416.920a.

§ 416.920a(e)(2)("The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.").[4]  Since the ALJ failed to set forth an analysis of the impact of plaintiff's major depressive disorder on the four functional areas of "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation," the court is unable to conclude that the ALJ's decision is supported by substantial evidence.  Under Moore, remand is required.

## CONCLUSION

For the foregoing reasons, the decision of the Commissioner is due to be reversed, and this action is due to be remanded for further consideration.  A separate judgment will be entered.

Done, this 28th day of March, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[4] The ALJ's finding that plaintiff retained the residual functional capacity to do work "performable with moderate limitations in the basic mental work activities" is not a sufficient substitute for the analysis dictated by the Commissioner's regulations.  The examples of "basic mental work activities" do not correlate precisely with the four functional areas specified in § 416.920a(c).  See 20 C.F.R. § 416.921(b)(3) - (6).